886 F.2d 1315
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Darryl ELLICK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-3302.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1989.
 
 Before MERRITT and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record, briefs, and motion for appointment of counsel, this panel unanimously agrees that oral argument is not needed. Fed.R.App. P. 34(a).
 
 
 2
 Petitioner filed a 28 U.S.C. Sec. 2255 motion to vacate his conviction of possession of a firearm in violation of the Armed Career Criminal Act of 1984 (Counts 1 & 2) and making a false statement in connection with redeeming a weapon (Count 3) in violation of 18 U.S.C. App. Secs. 1202(a)(1) and 922(a)(6). He stipulated that his two prior convictions of burglary and one prior conviction for breaking and entering were sufficient to qualify him for treatment under the Career Criminal Act. He was sentenced to fifteen years on Count one, fifteen years on Count two, and five years on Count three with Counts two and three to be concurrent to each other and concurrent to Count one. His appeal from the conviction was affirmed by this court on March 18, 1988.
 
 
 3
 Petitioner's Sec. 2255 motion to vacate alleged that he should not have been given the enhanced penalty under the Career Criminal Act, that his conviction for breaking and entering should not have been used to enhance the penalty, that the presentence report contained inaccurate information, and that he received ineffective assistance of counsel. The respondent replied. The court denied the motion to vacate for the reasons stated in the respondent's response. Petitioner appealed.
 
 
 4
 Petitioner allegedly cannot read or write and has requested appointment of counsel to prepare a brief. A review of the issue presented on appeal reflects that appointment of counsel is not merited in this case.
 
 
 5
 The issue presented on appeal of whether the Ohio breaking and entering conviction constitutes an offense which may be used to enhance the sentence is without merit. The federal convictions received by the petitioner were offenses which occurred in January and February of 1986. At that time, the sentence enhancement of 18 U.S.C. Sec. 924 was triggered by previous convictions of robbery or burglary. Title 18 U.S.C. App. II Sec. 1202(a). This court has held that the definition of burglary is "any felony consisting of entering or remaining surreptitiously within a building that is property of another with intent to engage in conduct constituting a Federal or a State offense." United States v. Taylor, No. 88-6224 (6th Cir. Aug. 9, 1989). The breaking and entering of an office falls within the burglary definition and combined with petitioner's two prior burglary convictions qualifies petitioner for treatment under the Armed Career Criminal Act.
 
 
 6
 It is ORDERED that the motion for appointment of counsel be denied and the judgment of the district court affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.